**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NELSON CHAMIZO TORRES,

Defendant-Appellant.

No. 05-7013

(E.D. Oklahoma)

(D.C. No. CR-04-33-01-P)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Nelson Chamizo Torres, a federal prisoner, appeals the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

denial of his motion to suppress and challenges the legality of his 210-month sentence. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as Mr. Torres's counsel. For the following reasons, we GRANT the leave to withdraw and DISMISS Mr. Torres's appeal.

## I. BACKGROUND

During a traffic stop, an Oklahoma Highway Patrol officer found cocaine in a vehicle in which Mr. Torres was a passenger. His girlfriend and co-defendant, Laura Morales, was driving. After writing Ms. Morales a citation, and while she was leaving the patrol car, the officer asked Ms. Morales whether she had any drugs, alcohol, weapons, or a large amount of currency in the car. Ms. Morales replied that she did not. The officer asked if he could search the car, and Ms. Morales agreed. Ms. Morales remained in the officer's car, and the officer returned to the vehicle to ask Mr. Torres, who had told the officer that he owned the car, whether he could search the car. Mr. Torres also agreed to the search. The officer found 4.52 kilograms of cocaine during the search in the airbag compartment of the vehicle.

After he was charged in state court, a federal grand jury issued a one-count indictment charging Mr. Torres with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Mr. Torres filed a motion to suppress,

arguing that Ms. Morales's consent was not voluntary because she "did not adequately understand the English language" and because, even if he and Ms. Morales consented to a search, the search of the airbag compartment exceeded the scope of their consent. Rec. vol. 1 doc. 15, at 7 (Report and Recommendation, dated Apr. 23, 2004).

During the motion to suppress hearing, the trooper indicated that Ms. Morales's "English was broken," and that he could not recall whether he had asked for her consent to search in English or Spanish, but that he was confident that her consent was knowing and voluntary. Rec. vol. II, at 13-14 (Tr., filed May 2, 2005). He also testified that Mr. Torres "spoke much better English than Ms. Morales did," and that Mr. Torres told him that he owned the car and also gave his consent to search. *Id.* at 15. The defendant produced no evidence of coercion during the motion hearing, and also produced no evidence that either he or Ms. Morales objected at any time during the search of their vehicle. At the end of the motion hearing, Mr. Torres's counsel told the court that he would review the video and audio tape evidence, and provide it to the court if it contradicted the trooper's testimony. The tapes were never put into evidence because "[c]ounsel did not feel that the tape or transcription/translation benefitted defendant's claims." Aplt's Br. at 6.

After the district court denied Mr. Torres's motion to suppress the evidence

3

found in the vehicle, Mr. Torres pleaded guilty to the indictment. The PSR recommended that Mr. Torres be subject to the career offender enhancement because of his history of prior convictions. Initially, Mr. Torres objected to the PSR recommendation claiming that one of the listed convictions which supported the career offender enhancement, was not actually a conviction, but a revocation of probation for a separate offense. At the sentencing hearing, however, Mr. Torres's counsel withdrew these objections after his counsel received the court records that established the conviction record in the PSR was accurate.

Acknowledging that *Booker v. United States*, 543 U.S. 220 (2005), rendered the Sentencing Guidelines advisory rather than mandatory, the district court relied on these two convictions to support the Guidelines' recommendation of applying a career offender enhancement. The Guidelines' range was 210-262 months, and after reviewing the factors listed in 18 U.S.C. § 3553(a), the district court sentenced Mr. Torres to 210 months' imprisonment.

## II. DISCUSSION

Mr. Torres wishes to appeal both the district court's denial of his motion to suppress and the 210-month sentence it imposed. His counsel submitted a brief complying with *Anders v. California*, and has moved for leave to withdraw as counsel. 386 U.S. at 744 (explaining that counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably

4

support the appeal"). Here, counsel furnished a copy of the brief to Mr. Torres, who filed a supplemental brief addressing why he is appealing his sentence. Mr. Torres does not raise any additional issues beyond those in the brief submitted by his counsel.

In *Anders*, the Supreme Court held that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* This court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If [we] conclude[] after such an examination that the appeal is frivolous, [we] may grant counsel's motion to withdraw and may dismiss the appeal." *United States v. Calderon*, 428 F.3d 928, 929 (10th Cir. 2005).

A. Motion to Suppress

When reviewing a district court's denial of a motion to suppress, we accept all factual findings unless they are clearly erroneous and view the evidence in the light most favorable to the Government. *United States v. Angelos*, 433 F.3d 738, 744 (10th Cir. 2006). "Whether consent has been given is a question of fact and is determined from the totality of the circumstances." *United States v. Santurio*, 29 F.3d 550, 552 (10th Cir. 1994). "The scope of consent is a fact question based upon what a reasonable person would have understood under the circumstances." *United States v. Gregoire*, 425 F.3d 872, 880 (10th Cir. 2005).

After a careful review of the record, we conclude that there is no credible evidence to support Mr. Torres's contention that the trooper either searched his car without consent or exceeded the scope of the consent that either Mr. Torres or Ms. Morales may have provided. The trooper's testimony during the motion to suppress hearing was uncontroverted: neither Ms. Morales or Mr. Torres testified, and after reviewing the video and audio evidence, Mr. Torres's counsel determined that those pieces of evidence would not assist Mr. Torres's argument. The only evidence before the district court was the trooper's testimony, which established that even if Ms. Morales had not completely understood the questions posed to her regarding the search of the vehicle, Mr. Torres spoke English well and also gave his consent to search the vehicle. There is simply nothing in the record to support Mr. Torres's contention that the district court's determinations regarding consent were clearly erroneous. We therefore affirm the district court's denial of the motion to suppress, and conclude that this aspect of Mr. Torres's appeal is wholly frivolous.

B.    Mr. Torres's Sentence

For sentences imposed after *Booker*, we review a defendant's sentence for reasonableness. *United States v. Morales-Chaires*, 430 F.3d 1124, 1128 (10th Cir. 2005). As we noted above, Mr. Torres's counsel withdrew certain objections to the PSR at the sentencing hearing, and acknowledged that the defendant had, in

6

fact, been convicted of the two offenses the district court relied upon in coming to its determination that Mr. Torres was a career offender.

Mr. Torres now argues that the district court erred in applying the career-offender enhancement because he served only ninety days on one of the charges. His argument is clearly foreclosed by the Guidelines themselves: the notes to section 4.B1.2 explain that a "'[p]rior felony conviction' [as that term is used in the career offender enhancement guideline] means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . *regardless of the actual sentence imposed*." U.S.S.G. § 4B1.2 n.1 (emphasis added). The two prior convictions that the district court relied upon were convictions in California for possession of cocaine for sale, which are punishable by up to five years imprisonment. CAL. HEALTH & SAFETY CODE § 11351.5. Therefore, we hold that Mr. Torres's argument regarding his sentence is wholly without merit and that the district court's imposition of a 210-month sentence in this case was reasonable. "[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness," *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), and Mr. Torres has made no meritorious arguments that the sentence is unreasonable when viewed in light of the factors listed in 18 U.S.C. 3553(a) that could overcome that presumption.

## III. CONCLUSION

Because Mr. Torres has not shown any meritorious grounds for appeal, we

GRANT his counsel's request to withdraw and DISMISS the appeal.

Entered for the Court

Robert H. Henry
Circuit Judge

8